# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL REED DORROUGH,<br><br>        Plaintiff,<br><br>  v.<br><br>GONZALEZ, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:08-cv-00634-AWI-DLB PC<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO FILE SECOND AMENDED COMPLAINT OR FILE NOTICE OF VOLUNTARY DISMISSAL WITHIN THIRTY DAYS<br><br>(Doc. 11) |

**I.**    **Screening Order**

Plaintiff Michael Reed Dorrough ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On May 7, 2008, Plaintiff filed his original complaint**.** (Doc. 1.) On February 3, 2009, the Court ordered dismissal of Plaintiff's original complaint with leave to amend. (Doc. 10.) On March 6, 2009, Plaintiff filed his first amended complaint. (Doc. 11.) Plaintiff's complaint is presently before the Court for screening.

    **A.**    **Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been

1

1 paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

### B. Summary of Plaintiff's Complaint

Plaintiff is currently incarcerated at Corcoran State Prison in Corcoran, California. Plaintiff was formerly imprisoned at California Correctional Institution ("CCI") in Tehachapi, California, where the acts he complains of occurred. Plaintiff names as defendants: Deputy Warden F. Gonzalez; Associate Warden M. Carrasco; and classification and parole representative V. McLaughlin.

1 | Plaintiff alleges the following. In May 2007, Plaintiff was transferred from the Security
Housing Unit ("SHU") of CCI to the SHU at Corcoran State Prison. (Doc. 11, p. 3.) The
institutional classification committee ("ICC") at CCI, comprised of defendants M. Carrasco and
V. McLaughlin, recommended the transfer. (Id.) The ICC recommended transfer because of
Plaintiff's validation as a prison gang member and Plaintiff was a "program failure." (Id.)
Plaintiff alleges that this transfer was in violation of a settlement agreement between Plaintiff
and the California Department of Corrections and Rehabilitation ("CDCR") reached in 2002.
(Id., p. 4:1-4.) Plaintiff alleges a violation of the Due Process Clause of the Fourteenth
Amendment. (Id.)

Plaintiff seeks injunctive and declaratory relief, compensatory and punitive damages, appointment of counsel, trial by jury, and transfer to the SHU at CSP-Lancaster. (Id., p. 3.)

**C.** **Plaintiff's Claim**

    **1.** *Settlement Agreement and Due Process*

Plaintiff reiterates the arguments he made in his original complaint. Plaintiff alleges that his transfer to the Corcoran SHU violated the settlement agreement reached between CDCR and him. Plaintiff alleges that the terms of the agreement permit CDCR to transfer Plaintiff only if 1) there is a change in the mission, security level, or condition of CCI or 2) Plaintiff's behavior makes it appropriate to transfer him to another institution or the general population. (Doc. 11, p. 4:9-15.) Plaintiff asserts that neither condition has occurred. (Id., p. 5:2-14.) Plaintiff also alleges that pursuant to the agreement, Plaintiff would be permitted to contact his attorney for advice if any dispute arose regarding compliance with the agreement. Plaintiff asserts that he was not allowed to contact his attorney. (Id., pp. 5:21-6:1.) Plaintiff alleges that the transfer creates a hardship for his family to visit, particularly his mother. (Id., pp. 7:23-8:3.)

Plaintiff alleges a due process violation. (Doc. 1, p. 4:1-4.) The Due Process Clause protects against the deprivation of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to invoke the protection of the Due Process Clause, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty

3

interests may arise from the Due Process Clause itself or from state law. Wilkinson v. Austin, 125 S.Ct. 2384, 2393 (2005). The Due Process Clause itself does not confer on inmates a liberty interest in avoiding "more adverse conditions of confinement." Wilkinson, 125 S. Ct. at 2393; Hewitt v. Helms, 459 U.S. 460, 466-68 (1983). Under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation. Sandin v. Conner, 515 U.S. 472, 481-84 (1995). Such interests are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484.

Plaintiff alleges a due process violation based on the defendants' alleged failure to comply with a settlement agreement reached between Plaintiff and CDCR, which resulted in Plaintiff's transfer to another institution. Plaintiff fails to allege a liberty interest. Prisoners have no liberty interest in avoiding being transferred to another prison. Meachum v. Fano, 427 U.S. 215, 225-27 (1976).

Furthermore, a section 1983 claim is not the proper remedy to enforce a settlement agreement. "An agreement to settle a legal dispute is a contract" and the court "rel[ies] on basic contract principles to interpret" the agreement. Jeff D. v. Andrus, 899 F.2d 753, 759 (9th Cir. 1989) (citing Miller v. Fairchild Indus., 797 F.2d 727, 733 (9th Cir. 1986)). Absent a federal court embodying the settlement contract in its dismissal order or retaining jurisdiction over the settlement contract, "enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 381-82 (1994). Since Plaintiff is alleging a breach of contract, and does not allege that the district court retained jurisdiction over the contract, Plaintiff has no remedy in federal court. Plaintiff fails to state a cognizable claim under section 1983.

## II. Conclusion

Plaintiff fails to state any cognizable claims under section 1983. For the reasons set forth above, Plaintiff's amended complaint is dismissed, with leave to file a second amended

complaint within thirty days. Plaintiff may also choose to voluntarily dismiss his complaint by filing notice with the Court.

Plaintiff must demonstrate in his complaint how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under section 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick v. Hunter, 500 F.3d 978, 987-88 (9th Cir. 2007). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007) (citations omitted).

Plaintiff is further advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's first amended complaint is dismissed, with leave to amend;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff must file a second amended complaint curing the deficiencies identified by the Court in

this order;

4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint;

5. If Plaintiff does not wish to pursue this action, Plaintiff may file a notice of voluntary dismissal within **thirty (30) days** from the date of service of this order and

6. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order and for failure to state a claim.

IT IS SO ORDERED.

**Dated:** **March 17, 2009**           **/s/ Dennis L. Beck**
UNITED STATES MAGISTRATE JUDGE