# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL REED DORROUGH,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>F. GONZALEZ, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:08-cv-00634 AWI DLB PC<br><br>ORDER RE OBJECTION; ORDER DENYING REQUEST FOR STAY<br><br>(Doc. 15)<br><br>ORDER RE MOTION IN LIMINE<br><br>(Doc. 17)<br><br>ORDER DISREGARDING REQUEST FOR EXTENSION OF TIME AS UNNECESSARY<br><br>(Doc. 18)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CERTAIN CLAIMS AND CERTAIN DEFENDANTS<br><br>(Doc. 19) |

**I.     Background**

Plaintiff Michael Reed Dorrough, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on May 7, 2008. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who

1

is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusion are not. Id. at 1949.

Plaintiff's original complaint was dismissed, with leave to amend on February 3, 2009. (Doc. 10.) Plaintiff filed a first amended complaint on March 6, 2009, which was again dismissed, with leave to amend, for failure to state a claim. (Docs. 11, 12.) Now pending before the Court is Plaintiff's second amended complaint ("SAC"), filed April 22, 2009.[1]

**II.     Summary of Plaintiff's Claims**

Plaintiff, a state prisoner, brings this action against defendants Deputy Warden F. Gonzalez, Acting Deputy Warden M. Carrasco, and Classification Parole Representative V. McLaughlin.

Plaintiff states that in May 2007 he was transferred from California Correctional Institution ("CCI") to California State Prison - Corcoran ("CSP-Corcoran"). Plaintiff contends that his transfer is in violation of a settlement agreement ("the Contract") between him and the California Department of Corrections and Rehabilitation ("CDCR") reached in July 2002 which delineates specific terms under which Plaintiff may be transferred to another institution.[2] Plaintiff contends that

---

[1] Plaintiff's SAC is timely filed. Therefore, Plaintiff's request for an extension of time is disregarded as unnecessary. (Doc. 18.)

[2] The Court takes judicial notice that a settlement was reached in Dorrough v. Small, et al., bearing case number: 1:89-cv-00827-OWW-JFM (PC). That action was dismissed by order filed August 9, 2002. Plaintiff submits that he was the Petitioner in that petition for writ of habeas corpus.

2

his transfer to CSP-Corcoran is in violation of the Contract, and that defendants Carrasco and McLaughlin recommended that Plaintiff be transferred despite knowledge of the Contract's terms. Plaintiff alleges that defendant Gonzalez was aware of the Contract but failed to stop or postpone the transfer. Plaintiff contends that his transfer was in retaliation for having filed a 602 grievance and a federal habeas petition.

Plaintiff alleges claims for relief for violation of due process and retaliation. Plaintiff further alleges a state claim for breach of contract.

### A. Fourteenth Amendment Due Process Claim

Prison inmates do not have a constitutional right to be incarcerated at a particular correctional facility or to be transferred from one facility to another. Meachum v. Fano, 427 U.S. 215, 224-25 (1976); see also Olim v. Wakinekona, 461 U.S. 238, 244-45 (1983).

In the instant case, Plaintiff contends that the language of the Contract creates a liberty interest in not being transferred, and that his transfer amounts to a violation of due process. (Doc. 19, SAC, p.9:15-17.) In Lujan v. G&G Fire Sprinkers, 121 S. Ct.1446, 532 U.S. 189 (2001), the Supreme Court considered the extent of process due in the area of government contracts. "If [the State] makes ordinary judicial process available...for resolving its contractual dispute, that process is due process." Id., 532 U.S. 189 at 197.

Because there is a judicial process available to Plaintiff to remedy a claim for breach of contract, Plaintiff fails to state a cognizable claim for denial of due process.

### B. First Amendment Retaliation Claim

Plaintiff alleges that his transfer to CSP - Corcoran was retaliatory. Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."

1 Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005)  An allegation of retaliation against a
2 prisoner's First Amendment right to file a prison grievance is sufficient to support claim under
3 section 1983.  Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003).

4       Plaintiff alleges that there was no penological purpose of his transfer, and that it occurred
5 only after he filed prison grievances and a petition for writ of habeas corpus complaining about his
6 conditions of confinement at CCI.  Plaintiff further states that his appeals were denied by defendants
7 Gonzalez and Carrasco, and that defendants Carrasco and McLaughlin recommended the transfer.
8 Plaintiff contends that each defendant had authority to stop the transfer but failed to do so.  Plaintiff
9 alleges that the transfer was retaliatory.

10       Given the minimal pleadings standard, Plaintiff states a cognizable claim against defendants
11 Gonzalez, Carrasco and McLaughlin for retaliation, in violation of the First Amendment.

12       **C.**     **State Law Claim**

13       Plaintiff alleges breach of contract.  California's Tort Claims Act requires that a tort claim
14 against a public entity or its employees be presented to the California Victim Compensation and
15 Government Claims Board, formerly known as the State Board of Control, no more than six months
16 after the cause of action accrues.  Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West
17 2009).  Presentation of a written claim, and action on or rejection of the claim are conditions
18 precedent to suit.  State v. Superior Court of Kings County (Bodde), 32 Cal.4th 1234, 1245, 90 P.3d
19 116, 124, 13 Cal.Rptr.3d 534, 543 (2004); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470,
20 1477 (9th Cir. 1995).  To state a tort claim against a public employee, a plaintiff must allege
21 compliance with the Tort Claims Act.  State v. Superior Court, 32 Cal.4th at 1245, 90 P.3d at 124,
22 13 Cal.Rptr.3d at 543; Mangold, 67 F.3d at 1477; Karim-Panahi v. Los Angeles Police Dept., 839
23 F.2d 621, 627 (9th Cir. 1988).  Plaintiff has not alleged compliance with the Tort Claims Act and
24 so he may not proceed with any state law claims here.

25 ///
26 ///
27 ///
28 ///

**III.  Plaintiff's Objection to Court's Previous Screening Order; Plaintiff's Motion in Limine**

On April 3, 2009, Plaintiff filed an objection to the Court's March 17, 2009 screening order dismissing his First Amended Complaint.[3]  The Court's order stated in part:

> Furthermore, a section 1983 claim is not the proper remedy to enforce a settlement agreement. "An agreement to settle a legal dispute is a contract" and the court "rel[ies] on basic contract principles to interpret" the agreement. Jeff D. v. Andrus, 899 F.2d 753, 759 (9th Cir.1989) (citing Miller v. Fairchild Indus., 797 F.2d 727, 733 (9th Cir. 1986)). Absent a federal court embodying the settlement contract in its dismissal order or retaining jurisdiction over the settlement contract, "enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 381-82 (1994). Since Plaintiff is alleging a breach of contract, and does not allege that the district court retained jurisdiction over the contract, Plaintiff has no remedy in federal court. Plaintiff fails to state a cognizable claim under section 1983. (Doc. 12-1, p. 4:14-23.)

In his objection, Plaintiff alleges that this Court retains jurisdiction to enforce the Contract. Plaintiff's objection appears to be moot in light of his subsequent compliance with the Court's order. In any event, regardless of whether this Court retains jurisdiction over the Contract, Plaintiff's filing of a Section 1983 action is not the proper vehicle for enforcement of a settlement agreement reached in a different federal case.

Plaintiff also requests a stay of proceedings. Plaintiff has provided no reason to warrant a stay in this action and the request is DENIED.

**IV.  Conclusion and Recommendation**

Based on the foregoing, the Court HEREBY RECOMMENDS that:

1. This action proceed on Plaintiff's claim for relief against defendants Gonzalez, Carrasco and McLaughlin for retaliation in violation of the First Amendment; and

2. Plaintiff's claims for violation of due process and violation of state law be dismissed for failure to state a claim.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written

---

[3] On April 9, 2009, Plaintiff filed a motion in limine, wherein Plaintiff requests that the Court accept his attachment as an exhibit in support of his objection.  (Doc. 17.)  The Court treats the attached document as a supplement to Plaintiff's objection.

objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **October 13, 2009**                     **/s/ Dennis L. Beck**
                                                         UNITED STATES MAGISTRATE JUDGE