# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL REED DORROUGH, | CASE NO. 1:08-cv-00634-DLB PC |
| Plaintiff, | ORDER DENYING MOTION IN LIMINE, CONSTRUED AS MOTION FOR PRELIMINARY INJUNCTION |
| v. | |
| F. GONZALEZ, et al., | (Doc. 33) |
| Defendants. | |

## Order

Plaintiff Michael Reed Dorrough ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's second amended complaint, filed April 22, 2009, against Defendants F. Gonzalez, M. Carrasco, and V. McLauglin, Defendants at California Correctional Institution ("CCI"). Pending before the Court is Plaintiff's motion in limine filed May 18, 2010. (Doc. 33.) Plaintiff requests that the Court order Corcoran State Prison, where Plaintiff is currently incarcerated, to provide Plaintiff with further access to the law library. The Court construes this as a motion for preliminary injunction.

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 129 S. Ct. 365, 374 (2008) (citations omitted). The

1

1  purpose of preliminary injunctive relief is to preserve the status quo or to prevent irreparable
2  injury pending the resolution of the underlying claim.  *Sierra On-line, Inc. v. Phoenix Software,*
3  *Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984).

4      Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court
5  must have before it an actual case or controversy.  *City of Los Angeles v. Lyons*, 461 U.S. 95,
6  102, 103 S. Ct. 1660, 1665 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of*
7  *Church and State, Inc.*, 454 U.S. 464, 471, 102 S. Ct. 752, 757-58 (1982).  If the court does not
8  have an actual case or controversy before it, it has no power to hear the matter in question.
9  *Lyons*, 461 U.S. at 102.  Thus, "[a] federal court may issue an injunction [only] if it has personal
10 jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to
11 determine the rights of persons not before the court."  *Zepeda v. United States Immigration*
12 *Service*, 753 F.2d 719, 727 (9th Cir. 1985).

13     Plaintiff requests that the Court order Corcoran State Prison to provide Plaintiff with
14 access to the law library one day per week.  Corcoran State Prison is not a defendant in this
15 action, and no parties are employed there.  The Court thus lacks jurisdiction to issue an
16 injunction here, as the Court may not determine the rights of persons not before the Court.  *See*
17 *Zepeda*, 753 F.2d at 727.  Accordingly, it is HEREBY ORDERED that Plaintiff's motion for
18 preliminary injunction, filed May 18, 2010, is DENIED for lack of jurisdiction.

19     IT IS SO ORDERED.

20     Dated:   **May 21, 2010**          /s/ **Dennis L. Beck**
                                                                   UNITED STATES MAGISTRATE JUDGE