UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL REED DORROUGH,<br><br>           Plaintiff,<br><br>     v.<br><br>F. GONZALES, et al.,<br><br>           Defendants.<br>_____ / | CASE NO. 1:08-CV-00634-DLB PC<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FOR PLAINTIFF'S FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES<br><br>(DOC. 37)<br><br>CLERK OF THE COURT DIRECTED TO CLOSE THIS ACTION |

**Findings and Recommendation**

**I.     Procedural History**

Plaintiff Michael Reed Dorrough ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's second amended complaint against Defendants F. Gonzales, M. Carrasco, and V. McLauglin for retaliation in violation of the First Amendment. On June 2, 2010, Defendants filed a motion to dismiss pursuant to the unenumerated portion of Federal Rule of Civil Procedure 12(b) for Plaintiff's failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a). Defs.' Mot. Dismiss, Doc. 37. Plaintiff filed his opposition on June 18, 2010. Pl.'s Opp'n, Doc. 41. Defendants filed their reply on June 30, 2010. Defs.' Reply, Doc. 42. The matter is submitted pursuant to Local Rule 230(l).

## II. Summary Of Second Amended Complaint

Plaintiff alleges that he was transferred from California Correctional Institution ("CCI") in Tehachapi, California, to Corcoran State Prison ("CSP") in Corcoran, California because Plaintiff had filed prison grievances and a writ of habeas corpus complaining about his conditions of confinement at CCI. Plaintiff contends that Defendants Gonzales and Carrasco denied his appeals, and that Defendants Carrasco and McLauglin recommended the transfer. Plaintiff contends that Defendants had the authority to halt the transfer but failed to do so. Plaintiff alleges retaliation in violation of the First Amendment.

## III. Exhaustion Of Administrative Remedies

### A. Legal Standard

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. *Jones v. Bock*, 549 U.S. 199, 211 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002) (per curiam). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, *Booth v. Churner*, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, *Porter v. Nussle*, 435 U.S. 516, 532 (2002).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion. *Jones*, 549 U.S. at 216; *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. *Wyatt*, 315 F.3d at 1119 (citing *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 368 (9th Cir. 1998) (per curiam)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. *Id.* at 1119-20. If the Court concludes that the prisoner has failed to exhaust administrative remedies,

the proper remedy is dismissal without prejudice. *Id.*

**B.     Discussion**

The CDCR has an administrative grievance system for prisoner complaints. Cal. Code Regs. tit. 15, § 3084.1 (2010). The process is initiated by submitting a CDC Form 602. *Id.* § 3084.2(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." *Id.* § 3084.5. Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. *Id.* §§ 3084.5, 3084.6(c). In order to satisfy § 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. *Woodford v. Ngo*, 548 U.S. 81, 85-86 (2006); *McKinney*, 311 F.3d at 1199-1201. Exhaustion does not *always* require pursuit of an appeal through the Director's Level of Review. What is required to satisfy exhaustion is a fact specific inquiry, and may be dependent upon prison officials' response to the appeal. *See Nunez v. Duncan*, 591 F.3d 1217, 1224 (9th Cir. 2010) (listing examples of exceptions to exhaustion requirement from other circuits); *Brown v. Valoff*, 422 F.3d 926, 935-36 (9th Cir. 2005) ("[E]ntirely pointless exhaustion" not required).

Defendant contends that Plaintiff failed to exhaust administrative remedies. Defs.' Mem. P. & A. Support Mot. Dismiss 3:23-5:11. First, Defendants contend that Plaintiff did not exhaust grievance No. CSP-C-07-3868.[1] *Id.* Defendants contend that Plaintiff's grievance was rejected at the third level of review because Plaintiff failed to attach required documentation. *Id.* Defendants further contend that Plaintiff did not exhaust his claim of retaliation in this action. *Id.* Defendants contend that Plaintiff's grievance makes no claim that Plaintiff's transfer was in retaliation for filing of lawsuits or appeals. *Id.* Defendants contend that Plaintiff's grievance concerned the actions of the Institutional Gang Investigator ("IGI") and the Law Enforcement and Investigation Unit ("LEIU"), which allegedly manufactured evidence that Plaintiff was involved in gang activity to continue Plaintiff's Security Housing Unit custody. *Id.* Defendants

---

[1]   Defendant erroneously labeled the grievance as CSP-C-07-3862.

1  contend that Plaintiff's grievance thus does not exhaust any retaliation issues regarding a prison
2  transfer. *Id.* Defendants submit as exhibits in support declarations from D. Foston, Chief of the
3  CDCR Inmate Appeals Branch, and B. C. Snider, litigation coordinator at CCI.

4      Plaintiff contends that he did not learn of the reasons for his transfer until after his arrival
5  at CSP. Pl.'s Opp'n 4. Plaintiff contends that in his grievance, he expressed his disagreement
6  with the prison transfer, as he believes it violated the terms of a settlement agreement reached in
7  a separate action. *Id.* at 4-5. Plaintiff contends that Defendants ignored Plaintiff's requests and
8  denied Plaintiff relief to challenge the conditions of confinement at CCI. *Id.* at 5. Plaintiff
9  contends that he did comply twice with the third level's directive to resubmit his grievance with
10 the appropriate documents, but was rejected without explanation. *Id.* at 6-7.

11     The Court will assume without deciding that Plaintiff did appeal inmate grievance No.
12 CSP-C-07-3868 to the third level as was required. Grievance No. CSP-C-07-3868 was first filed
13 on June 6, 2007. Ex. B, Grievance No. CSP-C-07-3868. Plaintiff complained in the grievance
14 that the IGI and the LEIU were fabricating evidence that Plaintiff was involved in gang activity.
15 *Id.* Plaintiff requested as relief that he be provided a chrono listing the people who was housed
16 in his cell at CCI SHU, that he be placed on single cell status, that a copy of the settlement
17 agreement be placed in his central file, and that he be informed if he had a realistic chance at
18 inactive status release. *Id.* Plaintiff briefly mentions that he is involved in litigation in the
19 Eastern District Court. *Id.*

20     Having considered all the evidence, the Court finds that Plaintiff did not exhaust
21 administrative remedies as to his remaining retaliation claim in this action. Plaintiff alleges that
22 Defendants Gonzales, Carrasco, and McLauglin retaliated against Plaintiff for filing inmate
23 grievances by transferring him. A review of grievance No. CSP-C-07-3868, however, indicates
24 that Plaintiff complained of certain prison officials manufacturing evidence that implicated him
25 in gang activity, which violated Plaintiff's settlement agreement. Plaintiff does not have to name
26 individual defendants in his inmate grievance, but must put prison officials on notice of the
27 problem. *Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009). Here, Plaintiff made no
28 mention of any problems he had with a prison transfer, but rather expressed his disagreement

with being associated with gang activities. The Court cannot find that Plaintiff put prison officials on notice of the problem and the redress sought as to a retaliatory prison transfer. Accordingly, Plaintiff has failed to exhaust administrative remedies as to his retaliation claim. As the retaliation claim was the only cognizable claim in this action, the Court will dismiss this action without prejudice. *Wyatt*, 315 F.3d at 1119-20.[2]

## IV. Conclusion And Order

Based on the foregoing, it is HEREBY ORDERED that:

1. Defendants' motion to dismiss, filed June 2, 2010, is GRANTED;
2. This action is dismissed without prejudice for Plaintiff's failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a); and
3. The Clerk of the Court is directed to close this action.

IT IS SO ORDERED.

Dated: **March 11, 2011**     /s/ **Dennis L. Beck**
UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff requests that if the Court finds that Plaintiff did not exhaust administrative remedies, the Court should order the CDCR to hear Plaintiff's grievances in this action. That is not an issue before this Court, as CDCR is not a defendant in this action and the Court lacks jurisdiction to impose such a requirement. *See Zepeda v. United States Immigration Serv.*, 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.").